James A. McDevitt
United States Attorney
Eastern District of Washington
Russell E. Smoot
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR-05-149-FVS |
| Plaintiff, ) | |
| vs. ) | Government's Motion for Alternative Victim Notification Procedures |
| SCOTT J. WALLS, ) | |
| Defendant. ) | |

Plaintiff, United States of America, by and through James A. McDevitt, United States Attorney for the Eastern District of Washington, and Russell E. Smoot, Assistant United States Attorney for the Eastern District of Washington, and Corbin A. Weiss, Attorney, U.S. Department of Justice, Criminal Division, Computer Crime and Intellectual Property Section, hereby respectfully moves this Court, pursuant to Title 18, United States Code, Section 3771(d)(2), for authorization to employ the victim notification procedures described below, in lieu of those prescribed by section 3771(a), (b) and (c), on the grounds that the number of crime victims in this case makes it impracticable to accord all of the crime victims the rights described in subsection 3771(a). In support of this Motion, the government avers the following.

I. <u>STATUTORY VICTIM NOTIFICATION REQUIREMENTS</u>:

In October 2004 Congress enacted into law the Justice for All Act of 2004 ("the Act"). Title I of the Act enumerates specific rights of crime victims in

Government's Motion for Alternative
Victim Notification Procedures - 1
P51201TR.RSA.wpd

federal criminal cases, codified at 18 U.S.C. § 3771(a).  These include "[t]he right to reasonable, accurate, and timely notice of any public court proceeding ... involving the crime or of any release or escape of the accused," and "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding."  18 U.S.C. § 3771(a)(2), (a)(4).  The Act requires "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation and prosecution of crime [to] make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection [3771](a)," 18 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights.  18 U.S.C. § 3771(b).  A "crime victim" under the Act is defined as "a person directly and proximately harmed" as a result of the commission of a Federal offense.  18 U.S.C. § 3771(e).

     In routine cases involving a single or limited number of victims, the victim notification burdens imposed by the Act upon the government are substantial.  In other cases, involving tens, hundreds, or even thousands of potential victims, the burdens imposed by the Act would be overwhelming; it is simply not practicable for the government to identify and locate so many potential victims and provide each with reasonable, accurate, and timely notice of all court proceedings.  In recognition of this, the Act grants the Court authority to fashion alternative notification procedures when the Court finds that implementation of the prescribed requirements would be impracticable.  The Act provides:

     In a case where the court finds that the number of crime victims makes it impracticable to accord all of the crime victims the rights described in subsection [3771](a), the court shall fashion a reasonable procedure to give effect to this chapter that does not unduly complicate or prolong the proceedings.

Government's Motion for Alternative
Victim Notification Procedures - 2

P51201TR.RSA.wpd

18 U.S.C. § 3771(d)(2). The Act places no limitations on the alternative procedures which a Court may fashion other than that the procedures be reasonable to effectuate the Act and that they not unduly complicate or prolong the proceedings. Id.

In this case, the defendant is charged with conspiracy to reproduce and distribute copyrighted works, in violation of Title 18, United States Code, Sections 371, and 2319(a), (b)(1), and Title 17, United States Code, Section 506(a)(1). The number of movies, music, and software applications illegally reproduced and distributed within the scope of the conspiracy with which the defendant is charged is in the tens of thousands. The number of potential victims in this case – producers whose copyrighted movies, music, and software were illegally reproduced and distributed by the defendant and his co-conspirators – is in the thousands. These numbers make compliance with the notification requirements outlined in section 3771(a), (b) and (c) absolutely impracticable. Neither the government nor the Court has the resources to accord all of the victims in this case all of the rights prescribed in subsection 3771(a).

II. <u>GOVERNMENT'S PROPOSED ALTERNATIVE NOTIFICATION PROCEDURES</u>:

Consistent with the Court's discretion to fashion reasonable alternative victim notification procedures in cases such as this under section 3771(d)(2), the United States requests authorization from the Court to provide notification to the trade group associations whose members comprise a significant proportion of all of the potential victims in this case. We first describe the trade group associations to whom we propose to give notice, and then outline the notice we propose to give. The description of the trade group associations is based principally upon information furnished by those associations.

A. <u>The Trade Group Associations</u>

The trade groups to whom we propose to give notice generally represent one of the three broad categories of intellectual property discussed above, music, movies, and software:

    1. Music

        a. *The Recording Industry of America*

The Recording Industry Association of America (RIAA) is the trade group that represents the U.S. recording industry. RIAA members create, manufacture and/or distribute approximately 90% of all legitimate sound recordings produced and sold in the United States. Among other things, RIAA undertakes enforcement actions on behalf of its members. It has an anti-piracy unit. It investigates and prosecutes, in civil actions, violations of its members' copyrights. It also provides the results of its infringement investigations to state, federal and local law enforcement authorities.

    2. Movies and Other Audio-Visual Entertainment

        a. *Motion Picture Association of America*

The Motion Picture Association of America (MPAA), and its international counterpart, the Motion Picture Association (MPA), serve as advocates for the American motion picture, home video and television industries in such sundry areas as establishing movie ratings (G, PG, etc.), promoting copyright protection legislation, initiating civil litigation on behalf of its member companies against copyright infringers, and assisting federal and state law enforcement authorities in the investigation and criminal prosecution of piracy cases. The MPAA is comprised of seven members: Buena Vista Pictures Distribution (which includes Disney Enterprises and ABC); Metro-Goldwyn-Mayer Studios Inc. (which includes United Artists); Paramount Pictures; Sony Pictures Entertainment Inc. (which includes Columbia Tristar); Twentieth Century Fox Film Corporation

(which includes Fox Searchlight); Universal City Studios LLLP and Universal City Studios Productions LLLP; and Warner Bros. Entertainment Inc. (which may include New Line titles). In 2004, MPAA company films equaled 81% of the total box office for the top 250 films in the United States.

        3.      Software

            a.      *The Business Software Alliance*

The Business Software Alliance (BSA) is a nonprofit trade association which serves the goals of the software industry and its hardware partners. BSA promotes global education on software management and copyright protection, cyber security, trade, commercial software, and e-commerce. BSA advocates strong intellectual property protection for business software and maintains public policy, education, and enforcement programs in more than 60 countries. BSA also works closely with law enforcement agencies around the world to enforce copyright protection laws. BSA has 26 members, consisting of the world's largest software companies, including Microsoft, Symantec, SAP, IBM, Autodesk, CNC Software/Mastercam, Adobe, Apple, Hewlett Packard, and Intel.

            b.      *Software and Information Industry Association*

The Software and Information Industry Association (SIIA) is the principal trade association for the software and digital content industry in terms of membership. It has more than 1,000 members. The SIIA's Anti-Piracy Division operates both educational and enforcement programs.

            c.      *Entertainment Software Association*

The Entertainment Software Association (ESA) is the U.S. association dedicated to promoting the business and public affairs needs of the companies publishing interactive games for video game consoles, handheld devices, personal computers, and the Internet. ESA members collectively accounted for more than

90 percent of the approximate $7.3 billion in entertainment software sales in the U.S. in 2004, and billions more in export sales of entertainment software. The ESA members consist of Activision, Inc., Atari, Inc., Buena Vista Games, Inc., Capcom USA, Inc., Crave Entertainment, Eidos Interactive, Electronic Arts, Her Interactive, Inc., id Software, Konami Digital Entertainment America, LucasArts, Microsoft Corporation, Midway Games, Inc., Namco Hometek, Inc., Nintendo of America Inc., NovaLogic, Inc., SEGA of America, Inc., Sony Computer Entertainment America, Square Enix, Inc., Take-Two Interactive Software, Inc., THQ, Inc., Ubisoft Entertainment, Inc., Vivendi Universal Games, Warner Bros. Interactive Entertainment Inc., and Wild Tangent.

B.  <u>Proposed Notice</u>:

The United States proposes to send a letter to the appropriate officer in the foregoing trade group associations in which the United States will provide the following case information:

1. The name of the defendant(s), the case number(s), and charge(s);
2. Notification that the associations' members, and non-members producing similar copyrighted intellectual property, may have been victimized by the illegal activities of the named defendant(s);
3. All of the victim rights codified at 18 U.S.C. § 3771(a);
4. The identity and telephone number of the prosecutor in the case;
5. A description and explanation of the government's Victim Notification System (VNS); a Victim Identification Number(VIN); and a Personal Identification Number (PIN); and the means by which the associations and potential victims

can obtain current case information from the VNS web site (www.notify.usdoj.gov) or from the VNS call center (1-866-DOJ-4YOU/1-866-365-4968)(TDD/TTY: 1-866-228-4619)(International: 1-502-213-2767) using the above information.

## III.  CONCLUSION

The number of potential victims in this case renders individual notification to each, as prescribed by 18 U.S.C. § 3771(a),(b), and (c), impracticable.  In such cases, the Act authorizes this Court to fashion a reasonable, alternative notification procedure to effectuate the aims of the Act without unduly complicating or prolonging the proceedings.  The government's proposed notification procedures accomplish these goals.  For the reasons set forth above, the government respectfully requests that this Court grant this motion and sign the accompanying proposed Order.

Dated this 1st day of December, 2005.

James A. McDevitt
United States Attorney


s/ **Russell E. Smoot**

Russell E. Smoot
Assistant United States Attorney

Government's Motion for Alternative
Victim Notification Procedures - 7
P51201TR.RSA.wpd

1  I hereby certify that on December 1, 2005, I electronically filed the
2  foregoing with the Clerk of the Court using the CM/ECF System which will send
3  notification of such filing to the following, and/or I hereby certify that I have
4  mailed by United States Postal Service the document to the following non-
5  CM/ECF participant(s):

7  Mr. Carl J. Oreskovich
   Attorney at Law
8  6404 North Monroe
   Post Office Box 18929
9  Spokane, WA  99208-0929

                                  s/ *Russell E. Smoot*

                          Russell E. Smoot
                          Assistant United States Attorney

Government's Motion for Alternative
Victim Notification Procedures - 8
P51201TR.RSA.wpd